## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| ANTHONY PARKS | § | |
| | § | |
| v. | § | NO. 9:15-CV-00115-MHS |
| | § | |
| LARRY M CHAMPION | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case was assigned to the Honorable Zack Hawthorn, United States Magistrate Judge, for all pretrial matters pursuant to General Order 05-07. The magistrate judge filed a report and recommendation that the court dismiss this case *sua sponte* for lack of subject matter jurisdiction. (Doc. No. 12.) Plaintiff Anthony Parks filed objections to the report and recommendation. (Doc. No. 13.) After conducting a de novo review of the magistrate judge's report and recommendation, and Parks' objections, the court finds that the magistrate judge's findings and conclusions are correct. See FED. R. CIV. P. 72(b)(3).

The court will specifically address one objection Parks has raised. Liberally construed, Parks requests that the court accept his case on the basis of federal question jurisdiction because his claims against the Defendant, Larry Champion, are related to a federal employment law case. (Doc. No. 13, at 3.) According to Parks, Champion is an attorney who previously represented Parks in a Title VII case against his former employer. Parks alleges that, after he received his "right to sue" letter from the Equal Opportunity Employment Commission, Champion allowed the 90-day deadline to pass before filing the case in federal court. However, this connection to federal employment law does not provide a basis for subject matter jurisdiction. Parks' claims are legal malpractice claims. While certain employment disputes raise federal questions, such as those based on Title VII, the ADA, or other federal statutes, a claim of legal malpractice—even

in relation to a case predicated upon a federal statute—does not.  See, e.g., Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013) (holing that a malpractice claim related to a patent "does not arise under federal patent law").

The court emphasizes that, while this court does not have jurisdiction over his claims, Parks' case is dismissed *without prejudice*.  Nothing in this order prevents Parks from filing his case in state court, which may be the appropriate forum for his claims.

It is, therefore, **ORDERED** that the Parks' objections (Doc. No. 13) are **OVERRULED**; the magistrate judge's report and recommendation (Doc. No. 12) is **ADOPTED**; and this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  A final judgment will be entered separately.

**SIGNED this 7th day of June, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE